IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:23-cv-00005-MR

| | |
|---|---|
| PATRICK J. CHAMBERS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| TODD ISHEE, et al., | )    **ORDER** |
| Defendants. | ) ) ) |

**THIS MATTER** is before the Court on initial review of the pro se Complaint. [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 8].

**I.   BACKGROUND**

The pro se Plaintiff, a prisoner in the North Carolina Department of Adult Corrections (NCDAC),[1] filed the instant action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution.[2]

---

[1] The Plaintiff is serving a life sentence for first-degree murder. See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=1234898&searchOffenderId=1234898&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed April 11, 2023); Fed. R. Evid. 201.

[2] The Plaintiff filed this action from the Pasquotank Correctional Institution, where he is still incarcerated.

He names as Defendants Todd Ishee, the commissioner of the North Carolina Department of Public Safety (NCDPS)[3] and the following Alexander CI staff: FNU Dye, the warden/superintendent; Richard Bates, a medical provider; Lisa Huffman a "CHA;"[4] Cheryl Kaufman, Iris Saine, FNU Towery, and McKensie Houston, nurses; FNU Slater, FNU Caban, and FNU Velasco, correctional officers; FNU Roberts, a correctional sergeant; and John/Jane Doe, the correctional officer who was on duty at the Big Seg Red Unit booth around 3:50 p.m. on September 30, 2021. The Plaintiff, who claims to have chronic hypertension, asserts claims under the Eighth Amendment for deliberate indifference to a serious medical need. As injury, he claims:

> Yes, I passed out and lost consciousness, due to the medication I was placed on it made me have stomach pain, decreased sexual ability and desire, swelling and redness of my eyes, and trouble breathing and irregular heartbeating.

[Doc. 1 at 10] (errors uncorrected). He seeks injunctive relief, damages for "monetary" and "emotional distress," punitive damages, and nominal damages. [Id. at 12].

---

[3] Now NCDAC.

[4] Correctional Healthcare Assistants, referred to as "CHA I" and "CHA II," are unlicensed nursing staff. See NCDAC Comprehensive Health Services Policy and Procedure, § P-9(II)(B).

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998).

To state a claim under the Eighth Amendment for deliberate indifference to serious medical needs of the inmate, an inmate must show that "the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the

4

necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted). An official acts with deliberate indifference if he had actual knowledge of the prisoner's serious medical needs and the related risks but nevertheless disregards them. DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018). The prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, exists, and he must also draw the inference." Farmer, 511 U.S. at 837. "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976). "Mere delay is … not enough" to support a deliberate indifference claim. Moskos v. Hardee, 24 F.4th 289, 298 (4th Cir. 2022). The objective prong of the deliberate indifference inquiry requires a plaintiff to show that the alleged delay put him at a "substantial risk" of "serious harm." Id. (quoting Moss v. Harwood, 19 F.4th 614, 625 (4th Cir. 2021); Scinto, 841 F.3d at 225). "A commonplace medical delay such as that experienced in everyday life will only rarely suffice to constitute an Eighth Amendment violation, absent the unusual circumstances where the delay itself places the prisoner at 'substantial risk of serious harm,' such as where the prisoner's

5

condition deteriorates markedly or the ailment is of an urgent nature." Moskos, 24 F.4th at 298.

To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants "acted personally" to cause the alleged violation. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). As such, the doctrine of respondeat superior does not apply in actions brought under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). A supervisor can only be liable where (1) he knew that his subordinate "was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury;" (2) his response showed "deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) there was an "affirmative causal link" between her inaction and the constitutional injury." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks omitted).

The Plaintiff does not make any allegations whatsoever about Defendants Houston and the John/Jane Doe booth officer. The Plaintiff's allegations are so vague and conclusory that they fail to satisfy the most basic pleading requirements. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations,

6

unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). The claims against Defendants Houston and John/Jane Doe are, therefore, dismissed without prejudice.

The Plaintiff claims that Defendant Ishee "is legally responsible for the operation of North Carolina State Prison(s) and the welfare of all the inmates of that prison." [Doc. 1 at 2]. The Plaintiff appears to rely on a theory of respondeat superior, which is insufficient to state a § 1983 claim. See Monell, 436 U.S. at 694. Accordingly, the claims against Defendant Ishee are dismissed without prejudice.

The Plaintiff claims that Defendant Dye is responsible for overall functioning of Alexander CI, and that he should be held responsible for staff's inadequate and untimely response to his medial needs. [Doc. 1 at 8-9]. These vague and conclusory allegations fail to plausibly allege that Defendant Dye knew of, and deliberately disregarded, any serious medical need. See Fed. R. Civ. P. 8(a)(2); Simpson, 900 F.2d at 35; Dickson, 309 F.3d at 201-02. The Plaintiff also appears to rely on theories of respondeat superior and negligence, which are insufficient to state a § 1983 claim. See Monell, 436 U.S. at 694; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999)

7

("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). Accordingly, the claims against Defendant Dye are dismissed without prejudice.

As to the medical staff, the Plaintiff claims that Defendants Bates and Saine were aware that he had high blood pressure, violated prison policy and/or informed consent rules regarding medication, provided inappropriate medication, and/or failed to adequately and timely respond to his sick calls requests. [Doc. 1 at 5-9]. These vague and conclusory allegations fail to plausibly allege that these Defendant deliberately disregarded a serious medical need or delayed treatment that subjected him to a substantial risk of serious harm. See Fed. R. Civ. P. 8(a)(2); Simpson, 900 F.2d at 35; Dickson, 309 F.3d at 201-02. To the extent that the Plaintiff is attempting to rely on the theories of respondeat superior, negligence, disagreement with the care he was provided, and/or prison policy violations, such theories fail to support a § 1983 claim. See Monell, 436 U.S. at 694; Grayson, 195 F.3d at 695; Scinto, 841 F.3d at 225; Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (unpublished) (holding that "prison officials' failure to follow internal prison policies are not actionable under § 1983 unless the alleged breach of policy rises to the level of constitutional violation"). Accordingly, the claims against Defendants Bates and Saine are dismissed without prejudice.

8

The Plaintiff claims that Defendant Huffman, who was also part of the medical staff, disregarded a high blood pressure reading and the Plaintiff's complaints of chest pain on the morning of September 30, 2021, and ignored him when he told her that he needed assistance that afternoon. [Doc. 1 at 6, 8]. Accepting the factual allegations as true and drawing all reasonable inferences in the Plaintiff's favor, his deliberate indifference claim against Defendant Huffman passes initial review.

The Plaintiff claims that Defendant Towery, who was part of the medical staff, failed to timely and adequately respond when correctional officers informed her that the Plaintiff had declared a medical emergency and needed assistance. [Doc. 1 at 6, 8]. Accepting the factual allegations as true and drawing all reasonable inferences in the Plaintiff's favor, his deliberate indifference claim against Defendant Towery is minimally sufficient to pass initial review.

As to Defendants Roberts, Slater, Caban, and Velasco, who are non-medical correctional staff, the Plaintiff claims that they knew that the Plaintiff had chronic hypertension [Doc. 1 at 8]; that Defendant Slater witnessed Huffman take a high blood pressure reading, Plaintiff complain of chest pain and fast heart rate, Huffman tell the Plaintiff that he would be ok and should lie down, and Plaintiff ask when Huffman would follow up [id.]; that the

9

Plaintiff declared a medical emergency to Defendants Slater and Caban at around 3:50 PM, and they both contacted Nurse Towery [id. at 6]; that the Plaintiff began hitting the "call button" at around 4:00 PM [id.]; the Plaintiff lost consciousness [id. at 10]; and that he woke up "later" when Defendant Roberts and others were placing him on a stretcher [id. at 6]. The Plaintiff claims that he "had been notifying all 'state actors' all day such as c/o Slater" and these Defendants "failed to respond reasonably to the code blue and constant declaring of medical emergency." [Id. at 8]. These claims are too vague and conclusory to plausibly allege that any of these correctional staff were aware of a serious medical need and were deliberately indifferent to it, caused an unnecessary delay that placed him at a serious risk of substantial harm, or otherwise interfered with the Plaintiff's medical care. See generally Estelle, 429 U.S. at 104-05 (non-medical prison employees can be found to have acted with deliberate indifference if they intentionally delay or deny an inmate's access to medical care or intentionally interfere with prescribed treatment); Iko, 535 F.3d at 242 (noting that "a distant prison official can generally rely on his medical staff's examinations and diagnoses") (citing Miltier v. Beorn, 896 F.2d 848, 854-55 (4th Cir. 1990)). Accordingly, the claims against Defendants Roberts, Slater, Caban, and Velasco are dismissed without prejudice.

## IV. CONCLUSION

The Complaint passes initial review against Defendants Huffman and Towery for deliberate indifference to a serious medical need, and the remaining claims are dismissed without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] passes initial review against Defendants Huffman and Towery for deliberate indifference to a serious medical need.

2. The Plaintiff's remaining claims are **DISMISSED WITHOUT PREJUDICE**.

3. **IT IS FURTHER ORDERED** that the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Lisa Huffman and FNU Towery who are alleged to be a current or former employees of the North Carolina Department of Public Safety.

The Clerk is respectfully instructed to mail the Plaintiff an Opt-In/ Opt-Out form pursuant to the Standing Order in Misc. Case. No. 3:19-mc-00060-FDW and a copy of this Order.

**IT IS SO ORDERED.**

Signed: April 16, 2023

Martin Reidinger
Chief United States District Judge