IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:23-cv-00005-MR

| | |
|---|---|
| PATRICK J. CHAMBERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| TODD ISHEE, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's pro se "Objection of Order of Dismissal Without Prejudice" [Doc. 14].

The incarcerated pro se Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that multiple Defendants were deliberately indifferent to a serious medical need at the Alexander Correctional Institution on September 30, 2021. On April 17, 2023, the Court entered an Order finding that the Plaintiff had stated plausible deliberate indifference claims against Defendants Lisa Huffman and Kelly A. Towery (A.K.A. Kelly A. Reynolds); the remaining claims were dismissed without prejudice for failure to state a claim upon which relief can be granted. [Doc. 9]. The Court explained that the Plaintiff's allegations were too vague and conclusory to

state a deliberate indifference claim and/or that the Plaintiff appeared to rely on *respondeat superior*, which cannot support a § 1983 claim. [Id.].

The Plaintiff has now filed an "Objection" in which he argues that the Complaint should have been allowed to pass initial review against all Defendants because a "serious medical need … was documented as chronic disease in (HERO) database and verbally expressed to unit floor staff." [Doc. 14 at 5].

"[A] district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003); see also Fed. R. Civ. P. 54(b).

The Plaintiff's present Objection is essentially an expression of disagreement with the Court's prior conclusion that he had failed to state a claim. The Plaintiff has failed to set forth any legitimate basis to reconsider or amend the Order on initial review of the Complaint. Accordingly, the Objection is denied.

To the extent that the Plaintiff's Objection constitutes an attempt to assert additional allegations in support of his claims, he has failed to comply with the Federal Rules of Civil Procedure and, in any event, piecemeal

2

pleading will not be allowed. See Fed. R. Civ. P. 15 (addressing amendment).

However, the Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct the deficiencies identified in the Order on initial review of the Complaint and to otherwise properly state a claim upon which relief can be granted. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede his prior filings. Piecemeal amendment will not be allowed. Should the Plaintiff fail to timely amend his Complaint in accordance with this Order, the matter will proceed only on the claims previously identified by the Court [see Doc. 9].

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's pro se pro se "Objection of Order of Dismissal Without Prejudice" [Doc. 14] is **DENIED**.

2. The Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to amend the Complaint in the instant case in accordance with this Order and within the time limit set by the Court, this action will proceed only on the claims previously identified by the Court [see Doc. 9].

**IT IS SO ORDERED.**

*[Signature]*

Martin Reidinger
Chief United States District Judge