IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:23-cv-00005-MR

| | | |
|---|---|---|
| **PATRICK J. CHAMBERS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **TODD ISHEE, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on the North Carolina Department of Adult Corrections' (NCDAC) sealed Notice [Doc. 16] regarding the Court's Request for Waivers of Service [see Doc. 10].

The Complaint passed initial review[1] against Defendants Lisa Huffman and Kelly A. Towery (a/k/a Kelly A. Reynolds),[2] and the Court initiated the procedure for waiver of service. [Doc. 10]. NCDAC waived service for

---

[1] The Plaintiff filed an "Objection" to the Order on initial review, which was denied on June 20, 2023. [Doc. 17]. However, the Court granted Plaintiff 30 days to file a superseding Amended Complaint should he wish to do so. [Id.]. The Plaintiff was cautioned that, if he failed to timely file a superseding Amended Complaint, the Court would proceed on the claims identified in the Order on initial review. [Id. at 3; Doc. 9]. The time to amend has expired; accordingly, the Court will proceed on the claims in the original Complaint that passed initial review. [Docs. 1, 9].

[2] The Plaintiff refers to this Defendant as "Nurse Towery" in the Complaint. The Clerk will be instructed to correct the Court's record with this Defendant's full name.

Defendant Huffman. [Doc. 15]. However, NCDAC is unable to waive service for Defendant Towery, who is no longer employed with NCDAC; it has provided this Defendant's last known address under seal. [See Doc. 16].

The Clerk will be directed to notify the U.S. Marshal that Defendant Towery needs to be served with the summons and Complaint in accordance with Rule 4 the Federal Rules of Civil Procedure. If Defendant Towery cannot be served at the address provided by NCDAC, the U.S. Marshal shall be responsible for locating her home address so that she may be served. See 28 U.S.C. § 1915(d) (in actions brought *in forma pauperis* under § 1915(d), "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases"); Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States Marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915….").

If the U.S. Marshal is unable to obtain service on Defendant Towery, the U.S. Marshal shall inform the Court of the reasonable attempts to obtain service. The U.S. Marshal shall not disclose Defendant's home address to the *pro se* incarcerated Plaintiff and shall file any document containing such address under seal.

**IT IS, THEREFORE, ORDERED that** the U.S. Marshal shall use all reasonable efforts to locate and obtain service on **Defendant Kelly A. Towery (a/k/a Kelly A. Reynolds).** If the U.S. Marshal is unable to obtain service on Defendant Towery, the U.S. Marshal shall inform the Court of the reasonable attempts to obtain service.

The Clerk is respectfully instructed to mail a copy of the Complaint [Doc. 1], the Sealed Notice containing Defendant Towery's last known addresses [Doc. 16], and this Order to the U.S. Marshal.

**IT IS FURTHER ORDERED** that the Clerk is instructed to substitute Kelly A. Towery (a/k/a Kelly A. Reynolds) for "FNU Towery" in the Court's record.

**IT IS SO ORDERED.**

Signed: August 8, 2023

Martin Reidinger
Chief United States District Judge