UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE No. 5:23-cv-00005-MR

Patrick J. Chambers,
 plaintiff,

vs.

Todd Ishee et. al.,
 defendants

Objection Initial Review/
Amended Complaint/ Stating
Claim which Relief can be Granted

FILED
Charlotte
8/11/2023
U.S. District Court
Western District of N.C.

THIS MATTER is before the court, this is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, "under color of state law, of rights secured by the Constitution of the United States. The plaintiff moves before the Court pursuant to FRCP Rule 7(b); FRCP Rule 8(a)(2), 28 U.S.C.A. and FRCP Rule 15(a) amending complaint and Fed. Civ. R.P. Rule 46 making of "objection".

Plaintiff is stating claim "Under Color of State Law"
• Anything done to you by a prison guard, prison doctor, or prison administrator (like the warden)
• Is an action "under color of state law."

[See] Monroe v. Pape, 365 U.S. 167 (1961) at the time of incidents all named state agents were working for the prison system. Plaintiff filed a grievance the month of November 2021 and numerous of sick calls from 7/2021-11/2021. Nurse Kaufman, Saine, Houston and Provider Bates violated the 8th Amendment by ignoring the symptoms of the medication(s) plaintiff was prescribed by him, in addition

page 1 of 5

to the dozens of sick calls submitted speaking of side effects, as well defendant [Kaufman], dated request returned showing awareness of the Elavil medication and speaking about the side effects. [See] Gutierrez v. Peters, 111 F.3d 1364 (7th Cir. 1997) delays in treating painful medical conditions that are not life-threatening can support 8th (eighth amendment claims). Prisons Officials violated the Eighth Amendment when they act with deliberate indifference to a prison conditions that exposes a prisoner to an unreasonable risk of serious harm. [See] Helling v. McKinney, 509 U.S. 25, 33 (1993).

As plaintiff has written complaint, and request to medical with response from medical personnel dates from 7/23/21 - 10/7/21 proof of delay on "serious medical needs." [see] Smith v. Knox Cnty. Jail, 666 F.3d 1037 (7th Cir. 2012) (5 day delay providing emergency medical care); [Also] see Brown v. District of Columbia, 514 F.3d 1279 (D.C. Cir. 2008) (2 month delay on medical care). Each med. pass when nurse staff administered meds. I would question in regards to conditions and status of side effect from pill and they always respond, "It's a muscle relaxer", witness DC-138B statements by (2) two offenders set aside for discovery. Plaintiff told defendants: correctional officers and medical personnel he wasn't feeling well. Also declared a medical emergency to them collectively and personally on different occassions. Plaintiff also reminded state agent(s) of hypertension history and was worried he would die. Finally, all following: state actor(s) (Richard Bates, Cheryl Kaufman, FNU Caban, Iris Saine, FNU Slater, McKensie Houston, FNU Velasco, FNU Roberts)

page 2 of 5

[See] McElligott v. Foley, 182 F.3d 1248, 1256-57 (11th Cir. 1999) (holding failure to treat severe pain could constitute deliberate indifference). All defendants acknowledged that they knew plaintiff had hypertension issues upon each and every seg. tour preserved camera footage will strengthen evidence and facts. [See] Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000). (Courts usually agree that the medical need must be "one that, if left unattended, pos[es] a substantial risk of serious harm. Finally, under the subjective part of the test, plaintiff must show that the official you are suing acted with "deliberate indifference" [See] Wilson v. Seiter, 501 U.S. 294 (1991). This an important legal term. It means that the official knew of the condition and did not respond to it in a reasonable manner. [See] also Farmer v. Brennan, 511 U.S. 825 (1994). (One way to show this is by proving that the condition was so obvious that the official must either know about it or be purposefully ignoring it. Which plaintiff has done through grievance, request forms and DC-138B statements by witnesses filed. [See] Vance v. Peters, 97 F.3d 987 (7th Cir. 1996) as well as prison records that refer to the problem.

Amending complaint of objection initial review citing Fed. Civ. P. Rule 8(a)(2), 28 U.S.C.A. [See] Ashcroft v. Iqbal requirement that pleading contain a short and plain statement of claim showing that pleader is entitled to relief does not require detailed factual allegations, but demands more than undorned "the defendant unlawfully harmed me." Contrary to defendant stating plaintiffs allegations were too vague and

(conclusory). [See] Erickson v. Pardus 127 S. Ct. 2197, June 4, 2007 headnote: under the notice pleading standard, specific facts are not necessary, the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests. cited: FRCP Rule 8(a)(2), 28 U.S.C.A. (pro se prisoner properly alleged that he suffered substantial harm, for purpose of Eighth Amendment claim.

Finally, pursuant to FRCP Rule 46, "Objection of Initial Review" [See] Nelson v. Adams USA, Inc., 529 U.S. 460, 469 (2000) "It is indeed the general rule that issues must be raised in lower courts in order to be preserved as potential grounds of decision in higher courts... (Reasoning for plaintiffs order to allow Todd Ishee, Warden Dye, Sgt. Roberts, C/O Cuban, C/O Slater, C/O Velasco to be amended to complaint... for purposes of discovery to determine the proper defense. There has been one important exception to the personal involvement requirement. Courts have allowed prisoners to keep high-level supervisors as defendants, even without evidence of personal involvement, for purposes of discovery to determine who the proper defendants. [See] e.g. Satchell v. Dilworth, 745 F.2d 781, 786 (2d. Cir. 1984) (holding corrections and parole commissioners "at least for purposes of discovery aimed at identifying those of their subordinates who are personally responsible for the departmental actions complained of).

[See] Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 174 (1988) (FRCP 46) "requires that a party seeking to preserve an objection to the courts ruling must make[] known to the court the action

which the party desires the court to take or the party's objection to the action... Although... counsel did not explain the evidentiary basis of his argument as thoroughly as might ideally be desired, we are satisfied that he substantially satisfied the requirement of putting the court on notice as to his concerns. [See] Hartford Lloyd's Inc., v. Teachworth, 898 F.2d 1058, 1060-61 (5th Cir. 1990)[This] purpose can be adequately served only by making of an objection on the record, but if the court and the other litigants know what action a party desires the court to take, the purpose of the rules is served in such circumstances, a formal objection is not required...

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's pro se "Motion to Amend, and State a claim of Relief and Initial Review be granted and enclosed "Extension Motion accepted in courts.

2. Plaintiff orders that terminated agents be re-attached to claim, if not any of the defendants that hasn't meet requirement let it be Todd Ishee commissioner.

3. Plaintiff prayer request is that the constant reprisal by facility staff be documented and kept noted, for future reference, in regards to denying access to courts.

*Patrick J. Chambers*
Patrick J. Chambers, agent
Plaintiff, 8/4/23
5:23-CV-00005-MR