IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:23-cv-00005-MR

| | | |
|---|---|---|
| **PATRICK J. CHAMBERS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **TODD ISHEE, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's pro se Motions for Extension of Time [Docs. 21, 24], and "Objection Initial Review/ Amended Complaint/ Stating Claim which Relief can be Granted" [Docs. 22].[1]

The incarcerated pro se Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that multiple Defendants were deliberately indifferent to a serious medical need at the Alexander Correctional Institution on September 30, 2021.[2] On April 17, 2023, the Court entered an Order

---

[1] The attachments to the Plaintiff's second Motion for Extension of Time [Doc. 24-1] are duplicative of his previous filings [Docs. 21, 22] and will be disregarded. The Plaintiff is cautioned that future duplicative or otherwise abusive filings may be stricken without further notice.

[2] The Plaintiff's address of record is at the Pasquotank Correctional Institution. However, it appears that he is now being housed at the Bertie Correctional Institution. See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=1234898&searchOffenderId=1234898&searchDOBRange=0&listurl=pagelistoffendersearchresu

finding that the Plaintiff had stated plausible deliberate indifference claims against Defendants Lisa Huffman and Kelly A. Towery (A.K.A. Kelly A. Reynolds);[3] the remaining claims were dismissed without prejudice. [Doc. 9]. The Plaintiff filed an "Objection" in which he argued that the Complaint should have been allowed to pass initial review against all Defendants, and in which he attempted to amend the Complaint in a piecemeal fashion. [Doc. 14]. On June 20, 2023, the Court denied the "Objection," but granted the Plaintiff 30 days in which to file a superseding Amended Complaint. [Doc. 17]. He was cautioned that "[p]iecemeal amendment will not be allowed." [Id. at 3].

On August 4, 2023,[4] the Plaintiff filed the instant Motions for Extension of Time and "Objection … Amended Complaint." [Docs. 21, 22, 24]. The Plaintiff seeks an extension of time in which to amend his Complaint because he has had some difficulty with mail and obtaining paper and carbon paper.

---

lts&listpage=1 (last accessed Aug. 15, 2023); Fed. R. Evid. 201. The Plaintiff is required to promptly change his address with the Court by filing a Notice of Change of Address. [See Doc. 3 at ¶ 3 (Order of Instructions)]. Failure to do so may result in this action's dismissal for lack of prosecution.

[3] Defendant Huffman waived service and, on August 8, 2023, filed an Answer. [See Docs. 15, 23]. Service on Defendant Towery is underway. [See Docs. 19-20].

[4] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

[Docs. 21, 24]. In the "Objection Initial Review/ Amended Complaint…," the Plaintiff again expresses his disagreement with the Order on initial review, and attempts to amend the Complaint in a piecemeal fashion. [Docs. 22]. His disagreement is insufficient to support any relief, and the piecemeal amendment will not be allowed, for the reasons explained previously. [See Doc. 17]. Accordingly, the Objection is denied and the piecemeal Amended Complaint is dismissed.[5] However, the Plaintiff's Motions for an extension of time to amend are granted. The Plaintiff is again advised that any Second Amended Complaint will be subject to all timeliness and procedural requirements and will supersede his prior filings. Piecemeal amendment will not be allowed. Should the Plaintiff fail to timely amend his Complaint in accordance with this Order, the matter will proceed only on the claims previously identified by the Court [see Doc. 9].

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's "Objection Initial Review/ Amended Complaint/ Stating Claim which Relief can be Granted" [Doc. 22] is **DISMISSED AND DENIED**.

---

[5] The Plaintiff is reminded that any requests directed to the Court must be presented in "Motions." Letters and other miscellaneous filings will not be answered in future. [See Doc. 3 at ¶ 5 (Order of Instructions)].

2. The Plaintiff's Motions for Extension of Time [Docs. 21, 24] are **GRANTED**.

3. The Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to amend the Complaint in the instant case in accordance with this Order and within the time limit set by the Court, this action will proceed only on the claims previously identified by the Court [see Doc. 9].

The Clerk is respectfully requested to mail the Plaintiff a blank prisoner complaint form and a copy of this Order at his address of record as well as to him at the Bertie Correctional Institution.

**IT IS SO ORDERED.**

Signed: August 18, 2023

Martin Reidinger
Chief United States District Judge