IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:23-cv-00005-MR

| | |
|---|---|
| PATRICK J. CHAMBERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| TODD ISHEE, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the pro se Plaintiff's Motion for Leave to File an Amended Complaint [Doc. 26], and on initial review of the proposed Amended Complaint [Doc. 27]. The Plaintiff is proceeding in forma pauperis. [Doc. 8].

## I. BACKGROUND

The incarcerated pro se Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that multiple Defendants were deliberately indifferent to a serious medical need at the Alexander Correctional Institution.[1] The Complaint passed initial review against Defendants Lisa Huffman and Kelly A. Towery for deliberate indifference to a serious medical

---

[1] The Plaintiff presently resides at the Tabor Correctional Institution.

need, and the remaining claims were dismissed without prejudice. [Doc. 9]. The Plaintiff made attempts to amend on a piecemeal basis, which were denied. [See, e.g., Docs. 14, 17, 21, 22]. On August 21, 2023, the Court granted the Plaintiff 30 days within which to file a superseding Amended Complaint. [Doc. 25].

On September 12, 2023, the Plaintiff filed the instant Motion for Leave to Amend [Doc. 26] and proposed Amended Complaint [Doc. 27]. The Motion for Leave to Amend will be denied as moot insofar as the Court previously granted the Plaintiff leave to amend.[2] [See Doc. 25]. The Amended Complaint is now before the Court for initial review.

The Plaintiff again names as Defendants: DAC Commissioner Todd Ishee; Alexander CI Superintendent Eric Dye; medical provider Richard Bates; nurses Cheryl Kaufman, Iris Saine and Kelly A. Towery; CHAs McKensie Houston and Lisa Huffman;[3] correctional officers FNU Caban, FNU Slater, and FNU Velasco; and correctional sergeant FNU Roberts. He asserts claims for "8th Amendment, 8th Amendment – Deliberate Indifference." [Doc. 27 at 5]. As injury, he claims:

---

[2] Defendant Huffman's Response opposing the Motion to Amend [Doc. 29] is likewise moot.

[3] The Plaintiff also refers to Defendant Huffman as a "nurse." [Doc. 27 at 5].

2

> Plaintiff had stomach pains, swelling and redness of eyes and trouble breathing, decreased sexual ability and desire and irregular breathing, anxiety, short tempered and lost of consciousness, emotional distress, chest pain paranoia, and depression, Plaintiff had to be monitored and placed on gurney and giving medication.

[Doc. 27 at 10] (errors uncorrected). He seeks compensatory, nominal, and punitive damages, and unspecified injunctive relief.

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520

3

(1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

The body of the Amended Complaint refers to individuals who are not named as defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. [See, e.g., Doc. 27 at 10 (referring to "Psych. Therapist Stephen Coates" and "Nurse Welch (main medical)")]; see Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("[T]o make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the

4

caption of a Complaint renders any action against the purported defendant a legal nullity."). The Court also notes that many of the Plaintiff's allegations use pronouns or vague terms such that the Court cannot determine the individual(s) to whom the Plaintiff refers. [See, e.g., Doc. 27 at 7-8 (referring to "custody staff" and "psych. therapist"); id. at 9 (referring to "Medical staff")]; Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). The allegations directed at individuals not named as Defendants, or which are not clearly attributed to any Defendant, are dismissed without prejudice.

The Plaintiff again asserts claims against Defendants Ishee and Dye based on their supervisory roles. He claims that these Defendants are "responsible for the hiring, training and supervising of medical staff and have a legal duty to protect prisoners from cruel and unusual punishment…," and that they also have a "responsibility to ensure injunctive relief is carried out including potential policy change." [Doc. 27 at 8]. These claims are again too vague and conclusory to proceed, and appear to rely on a respondeat

5

superior theory. [Doc. 9 at 7-8]. The claims against Defendants Ishee and Dye are, therefore, dismissed for the reasons discussed on initial review of the Complaint. [Id.].

The Plaintiff also attempts to state a claim for deliberate indifference to a serious medical need against medical Defendants Bates, Saine, Towery, Kaufman, Houston and Huffman; and against correctional Defendants Caban, Slater, Velasco, and Roberts.[4] Specifically, the Plaintiff reiterates his claims that Defendant Huffman failed to respond appropriately to a very high blood pressure reading on September 30, 2021, and that Defendant Towery failed to address the matter when it was brought to her attention by correctional officers. [Doc. 27 at 7]. These claims again pass initial review for the reasons previously discussed. [See Doc. 9 at 9].

The Plaintiff further alleges that: he "stat[ed] concerns of side effects" to "all medical staff" named in the claim on several occasions [Doc. 27 at 7]; all of the medical Defendants had access to the HERO system and were aware of his prescribed medications [id.]; and Defendants Kaufman, Saine, Houston, and Bates violated his constitutional rights along with Defendants Huffman and Towery when the Plaintiff "expressed he was concerned he

---

[4] The deliberate indifference standard is set forth in the Order on initial review of the Complaint. [See Doc. 9 at 4-6].

would die, he had chest pains and needed to file a medical emergency" [id. at 9]; he submitted a dozen sick calls "speaking of side effects" [id. at 8-9]; and he expressed his "issues" to "all medical staff prior to incident date (10/7/21) w/ complaints informed to Richard Bates" [id.].

These allegations are too vague and conclusory to state a plausible claim for deliberate indifference to a serious medical need against any of the other medical Defendants. [See Doc. 9 at 8]. The claims against Defendants Bates, Saine, Kaufman, and Houston are, therefore, dismissed.

As to the correctional Defendants, the Plaintiff claims that Defendant Slater witnessed Defendant Huffman obtain an extremely high blood pressure reading from him, and Plaintiff voiced that he was not feeling well [Doc. 27 at 7]; that the Plaintiff told Defendants Caban, Roberts, and Velasco about his hypertension history and that he was "concerned he would die," and "custody staff" stated that they informed Defendant Towery of the same on "numerous occasions" [id. at 7, 9]; and that Defendants Caban, Slater, and Velasco violated his rights along with Defendants Huffman and Towery when the Plaintiff said he was concerned he would die, had chest pains, and needed to file a medical emergency [id. at 9].

The Plaintiff's allegations against these correctional Defendants are again too vague and conclusory to state a plausible claim for deliberate

7

indifference to a serious medical need. [Doc. 9 at 9-10]. The claims against Defendants Caban, Roberts, Slater, and Velasco are therefore dismissed for the reasons discussed previously. [Id.].

## IV. CONCLUSION

In sum, the Plaintiff's claims for deliberate indifference to a serious medical need again pass initial review against Defendants Huffman and Towery, and the remaining claims are dismissed without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Motion for Leave to File an Amended Complaint [Doc. 26] is **DENIED AS MOOT**.

2. The Amended Complaint [Doc. 27] passes initial review against Defendants Huffman and Towery for deliberate indifference to a serious medical need.

3. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: December 6, 2023

Martin Reidinger
Chief United States District Judge