IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:23-cv-00005-MR

| | | |
|---|---|---|
| PATRICK J. CHAMBERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TODD ISHEE, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on the Plaintiff's pro se "Motion for Denied Access to Law Research" [Doc. 42].

The pro se incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. The Amended Complaint passed initial review against two Defendants for deliberate indifference to a serious medical need. [See Docs. 27, 36]. The Defendants were served and filed an Answer, and the Court entered a Pretrial Order and Case Management Plan in which it appointed North Carolina Prisoner Legal Services (NCPLS) to conduct discovery on the Plaintiff's behalf, set the discovery cutoff date as May 3, 2024, and made dispositive motions due by June 3, 2024. [Docs. 37, 39]. On January 18, 2024, NCPLS entered a Notice of Non-Representation, stating that it is unable to accept the appointment in this matter. [Doc. 40].

On January 21, 2024, the Plaintiff filed the instant Motion in which he appears to seek a free photocopy of the Court's file. [Doc. 42]. He argues that he is being denied access to the courts; that his correspondence with NCPLS has been delayed due to staff shortages and limited resources; that prison policy allows prisoners to access to legal research only during certain hours; that the Plaintiff is on "D-seg" for 20 days during which time he will not be able to conduct legal research[1]; that the prison staff are "toxic" and discriminatory; that the Plaintiff's health issues have increased; that the Plaintiff has four active lawsuits in which he has been denied relief[2]; and his grievances to prison officials have been unanswered. [Id.]. Citing Rule 79(a)(2)(A) of the Federal Rules of Civil Procedure,[3] the Plaintiff requests that "papers filed with clerk, records kept by clerk be forwarded to both parties of inadequate law access." [Id. at 1].

The Plaintiff's request for a free photocopy of the Court's file is denied. The Plaintiff may request photocopies pursuant to the Court's standard rates.

---

[1] The Plaintiff does not appear to seek an extension of the scheduling order deadlines at this time.

[2] To the extent that the Plaintiff seeks relief in his other cases, he must do so separately by filing an appropriate Motion in each of those matters.

[3] Rule 79(a)(2)(A) of the Federal Rules of Civil Procedure provides that "papers filed with the clerk" must be "marked with the file number and entered chronologically in the docket…."

See United States v. MacCollum, 426 U.S. 317, 321 (1976) ("expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress"); Pickens v. Lewis, 2017 WL 2198342, at *2 (W.D.N.C. May 18, 2017) (noting that 28 U.S.C.§ 1915 does not authorize the payment of litigation expenses, and "[o]rdinarily, the plaintiff must bear the costs of his litigation ... even in pro se cases"); see also https://www.ncwd.uscourts.gov/court-fees $.50 per page for photocopies).

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Motion for Denied Access to Law Research" [Doc. 42] is **DENIED**.

**IT IS SO ORDERED**.

Signed: March 11, 2024

Martin Reidinger
Chief United States District Judge