IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:23-cv-00005-MR

| | | |
|---|---|---|
| PATRICK J. CHAMBERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TODD ISHEE, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Defendants Lisa Huffman and Kelly A. Towery's Motion for Protective Order [Doc. 50] and on the Plaintiff's pro se "Sanctions for Failure to Comply with the Pretrial Order" [Doc. 54] that was docketed as a Motion for Sanctions.[1]

The Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution.[2] The Amended Complaint passed initial review against Defendants Huffman and Towery for deliberate indifference to a serious medical need. [See Docs. 27, 36]. On January 10, 2024, the Court entered

---

[1] The Plaintiff is reminded to clearly title any request for relief as a "Motion." [Doc. 3 at ¶ 3 (Order of Instructions)]. Any requests that are not so titled will not receive a response by the Court.

[2] The Plaintiff is presently incarcerated at the North Carolina Central Prison.

a Pretrial Order and Case Management Plan appointing North Carolina Prisoner Legal Services ("NCPLS") to assist the Plaintiff with discovery; setting the discovery cutoff date as May 3, 2024; and making dispositive motions due on June 3, 2024.[3]  [Doc. 39].  On January 18, 2024, NCPLS entered a notice of Non-Representation, stating that it is unable to accept the appointment in this matter.  [Doc. 40].

On May 15, 2024,[4] the Plaintiff filed a Letter to the Clerk dated April 24, 2024 along with a Notice of Depositions on Written Questions addressed to Dr. Diaz, a psychologist at Bertie CI; Jacoby Chambers and Trevor Deaver, inmates; Richard Bates, a medical provider at Alexander CI; Defendant Huffman, and FHU Slater, a correctional officer who was dismissed as a defendant in this case.  [Docs. 47, 47-1, 47-2].  On May 20, 2024, the Plaintiff filed a First Requests for Production of Documents, First Set of Interrogatories, and Request for Admission, and a Letter addressed to the Court, all dated April 22, 2024.  [Doc. 48, 48-1, 48-2, 48-3].

---

[3] The Defendants filed timely motions to extend the deadline to file dispositive motions, which were granted.  [See Docs. 49, 57, 61].  Dispositive motions are due on October 3, 2024.  [Aug. 20, 2024 Text-Only Order].

[4] The dates upon which these documents were docketed on the Court's record are used here because the Plaintiff did not certify the dates upon which he placed his Notice of Depositions [Doc. 47] and his other discovery requests [Doc. 48] in the prison's mail system.  See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

In the Motion for Protective Order, the Defendants asks the Court to excuse them from responding to the Plaintiff's discovery requests and from appearing at the Plaintiff's noticed depositions, on the grounds that the discovery requests are tardy; the Plaintiff attempted to serve the deposition notices on nonparties without a subpoena; and the Plaintiff has not secured a qualified officer with the required recording devices. [Doc. 50; see Doc. 51].

The Plaintiff argues that he lacks legal expertise; that he filed timely the discovery requests pursuant to the prisoner mailbox rule; that he has arranged with "qualified" prison staff to tape record the depositions; and that he has requested subpoena forms so that he can serve his proposed witnesses. [Doc. 53]. The Plaintiff further requests sanctions from defense counsel because counsel has failed to consult with him before seeking extensions of time. [Doc. 54].

The Plaintiff does not certify that he attempted in good faith to resolve the discovery disputes before engaging the Court's assistance. The lack of certification alone warrants the denial of the Motion. See Fed. R. Civ. P. 37(a)(1); see also LCvR 7.1(b) (a non-dispositive civil motion "must show that counsel have conferred and attempted in good faith to resolve areas of disagreement or describe the timely attempts of the movant to confer with

3

Case 5:23-cv-00005-MR    Document 62    Filed 08/26/24    Page 3 of 5

opposing counsel;" motions that fail to do so "may be summarily denied"). Nor did the Plaintiff present his discovery requests in a timely manner. The discovery deadline expired on May 3, 2024, and the Plaintiff has not moved for an extension of time. Assuming *arguendo* that the Plaintiff's discovery requests were properly served on the dates he filed them with the Court, this was not sufficiently in advance of the discovery completion date so as to comply with the Court's pretrial Order. [See Doc. 39 at 4]. He did not timely seek an extension of those deadlines or to reopen discovery and, in any event, the Plaintiff has failed to demonstrate good cause for doing so. See generally Fed. R. Civ. P. 16(b)(4) (a scheduling order may be modified "only for good cause and with the judge's consent"); Ardrey v. United Parcel Service, 798 F.2d 679, 682 (4th Cir. 1986) (the court has "wide latitude in controlling discovery and … [t]he latitude given the district courts extends as well to the manner in which it orders the course and scope of discovery"). The Plaintiff has also failed to indicate that he has the ability to pay the costs associated with his requests.[5] United States v. MacCollom, 426 U.S. 317, 321 (1976) ("expenditure of public funds [on behalf of an indigent litigant] is

---

[5] The Plaintiff's contention that he has adequately arranged to take depositions by written question, by asking a prison employee to report with a tape recorder, is also unavailing. See generally Fed. R. Civ. P. 31.

4

proper only when authorized by Congress"). Accordingly, the Defendants' Motion for Protective Order is granted.

In his Motion for Sanctions, the Plaintiff complains that counsel for the Defendants has failed to consult with him before seeking relief such as an extension of the deadline to file dispositive motions. [Doc. 54]. The Court's Local Civil Rules provide that "[c]onsultation is not required for … motions where the moving party is represented and the non-moving party is unrepresented…." LCvR 7.1(b)(2). Accordingly, the Plaintiff's Motion for Sanctions is denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Defendants' Motion for Protective Order [Doc. 50] is **GRANTED**, and the Defendants are excused from responding to the Plaintiff's discovery requests [see Docs. 47, 48].

2. The Plaintiff's pro se "Sanctions for Failure to Comply with the Pretrial Order" [Doc. 54] is construed as a Motion for Sanctions and is **DENIED**.

**IT IS SO ORDERED.**

Signed: August 26, 2024

Martin Reidinger
Chief United States District Judge