IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:23-cv-00005-MR

| | | |
|---|---|---|
| PATRICK J. CHAMBERS, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| TODD ISHEE, et al., | ) ) | **ORDER** |
| Defendants. | ) ) | |

**THIS MATTER** is before the Court on the Plaintiff's pro se "Objection for Motion of Extension of Defendants/Request for Sanctions for Failure to Comply with Pretrial Order" [Doc. 63].

The Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution.[1] The Amended Complaint passed initial review against Defendants Lisa Huffman and Kelly A. Towery for deliberate indifference to a serious medical need. [Docs. 27, 36]. The Defendants were served and filed an Answer. [See Docs. 15, 28, 37]. On January 10, 2024, the Court entered a Pretrial Order and Case Management Plan setting the following

---

[1] The Plaintiff is presently incarcerated at the North Carolina Central Prison.

deadlines: to amend and join parties by February 23, 2024; to complete discovery by May 3, 2024; and to file dispositive motions by June 3, 2024.[2] [Doc. 39]. The Defendants filed several Motions to extend the deadline to file dispositive motions, which were granted. [See June 4, 2024, July 1, 2024, Aug. 20, 2024 Text-Only Orders]. Dispositive motions are now due on November 4, 2024, and the parties have been "strongly cautioned against seeking any further extensions of the dispositive motions deadline." [Sept. 17, 2024 Text-Only Order].

In his present Motion, the Plaintiff argues that defense counsel acted in bad faith by seeking extensions of the pretrial deadlines after those deadlines expired, and for failing to consult with the Plaintiff. [Doc. 63]. He seeks unspecified sanctions and he asks for the Court to "order production of requests of dispositive questions which are highly relevant and appropriate." [Id. at 5]. The Defendants filed a Response opposing the Motion. [Doc. 65]. The Plaintiff has not replied, and the time to do so has expired.

The Plaintiff's contention that the Defendants acted in bad faith and failed to file their Motions to extend the dispositive motions deadline until

---

[2] The Court also appointed North Carolina Prisoner Legal Services (NCPLS) to assist the Plaintiff with discovery, but NCPLS declined the representation. [See Docs. 39, 40].

after the deadlines had expired is incorrect. The record reflects that each of the Motions was filed on or before the date when the dispositive motions deadline expired and each was granted for good cause shown. [See Docs. 39, 49, 57, 61, 67].

The Plaintiff's argument that defense counsel failed to consult with him before filing the foregoing Motions also fails. As the Plaintiff was previously informed [see Doc. 62 at 5], the Court's Local Rules do not require consultation for "motions where the moving party is represented and the non-moving party is unrepresented…." LCvR 7.1(b).

To the extent that the Plaintiff seeks discovery from the Defendants, this request is vague, conclusory, unsupported, and it is also denied for the reasons previously discussed by the Court. [See Doc. 62].

In short, the present Motion is duplicative,[3] vague, and meritless and it is denied.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Objection for Motion of Extension of Defendants/Request for Sanctions for Failure to Comply with Pretrial Order" [Doc. 63] is construed as a Motion for Sanctions and is **DENIED**.

---

[3] The Court acknowledges that the instant Motion appears to have crossed in the mail with the Court's prior Order denying sanctions. [See Docs. 62, 63]. The Plaintiff is cautioned against making any further duplicative filings.

**The Plaintiff is cautioned that any further frivolous, duplicative, or otherwise abusive filings will be stricken and may result in the imposition of sanctions.**

**IT IS SO ORDERED**.

Signed: October 15, 2024

Martin Reidinger
Chief United States District Judge